UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD JAMES ENGEL,

            Petitioner,                                         Civil No. 06-413-HA

     v.                                                              ORDER

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

            Respondent.
_____

HAGGERTY, Chief Judge:

      On March 23, 2006, petitioner filed a Petition for a Writ of Habeas Corpus [2] pursuant to

28 U.S.C. § 2241.  Petitioner alleges that the Bureau of Prisons (BOP) has refused to process his

request to be placed in the Drug and Alcohol Treatment Program (DAP), thereby violating his

constitutional rights.

1  -  ORDER

Respondent filed a Motion to Dismiss the Petition [8], alleging that petitioner has no cognizable claim because he does not allege a violation of his constitutional or statutory rights relating to the length, nature, and condition of his confinement.  For the following reasons, this Motion is denied and the Petition is granted in part.

Section 3621(b) of the United States Code directs the BOP to provide substance abuse treatment to prisoners who have a "treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  As an incentive for prisoners to seek treatment, Congress made one-year sentence reductions available to prisoners who completed the substance abuse treatment programs.  18 U.S.C. § 3621(e)(2)(B).

Section 3621(e) provides an incentive to prisoners to complete a drug abuse program.  *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir. 1997).  An inmate who knows, prior to enrollment, that he or she is eligible for the one-year sentence reduction is more likely to enroll and complete the program, thereby creating a more effective use of the program.  *Id*.  "BOP rules require an eligibility determination to be made when a prisoner requests admission into DAP, and there are no restrictions on when that request can be made."  *Wade v. Daniels*, 373 F. Supp. 2d 1201, 1202 (D. Or. 2005).  The BOP retains discretion as to whether to grant a reduction in an enrollee's sentence upon completion of the program, but such discretion is irrelevant to the determination of *eligibility* for the reduction upon the request of the inmate for placement into DAP.  *Cort*, 113 F.3d at 1085.  "A prisoner's right to *consideration* for early release is a valuable one that we have not hesitated to protect."  *Id*. (citation omitted) (emphasis in original).  Here, petitioner's right to consideration of his request for admission into the DAP program has been violated.

Respondent also argues that BOP Program Statement 5330.10 instructs BOP personnel that they should not consider an inmate's application for admission to DAP until he or she is within 36 months of his or her projected good conduct time release date.  Respondent acknowledges that petitioner's 36-month date was August 28, 2006.  Thus, by respondent's own admission, petitioner is now within his projected good time release date and is entitled to have his application considered for admission to DAP.

Respondent's argument that petitioner did not request placement into DAP until after he filed his Petition is without merit.  Petitioner asserts that he made multiple requests for placement into DAP, including requests in May, August, and October 2005, prior to the filing of his Petition, and that respondent failed to process those requests.  For purposes of this Motion, this court shall construe petitioner's assertions as true.

Similarly, respondent's contention that petitioner failed to exhaust his administrative remedies is unavailing.  Exhaustion of remedies is not a jurisdictional requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241.  *Hicks v. Hood*, 203 F. Supp. 2d 379, 382 (D. Or. 2002) (the exhaustion requirement of the Prison Litigation Reform Act does not expressly apply to habeas petitions filed pursuant to 28 U.S.C. § 2241).

The court declines to consider the parties' arguments concerning whether petitioner meets the other requirements for admission into DAP until petitioner's application for DAP has been processed and his eligibility formally determined.

///

///

3 - ORDER

**CONCLUSION**

This court concludes that petitioner has alleged a cognizable claim.  The Motion to Dismiss [8] is DENIED.  Furthermore, petitioner's Petition [2] is GRANTED IN PART as follows: Respondent shall evaluate petitioner's request for placement in the DAP program and make a determination of his eligibility.  The requests in the Petition that respondent (1) be directed to place petitioner in the DAP program, and (2) reduce petitioner's term of imprisonment by one year, are DENIED without prejudice.

IT IS SO ORDERED.

DATED this 27th  day of October, 2006.


/s/ Ancer L. Haggerty_____
            Ancer L. Haggerty
        United States District Judge

4  -  ORDER